UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSVALDO TORNA RODIRGUEZ, (A097-960-329),<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | No. 1:26-CV-04632-DC-CKD<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

## I. Factual and Procedural History

Petitioner is a citizen of Cuba but has been a Lawful Permanent Resident of the United States since 2004. ECF No. 6-1. His criminal history includes arrests for theft, robbery, assault, and driving under the influence. ECF. No. 6-3 at 10-30. Most recently, Petitioner was convicted under Florida Statute 893.13(6)(A) for possession of cocaine. ECF No. 6-3. On June 9, 2025, after Petitioner was arrested for failure to appear in criminal court, Immigration and Customs Enforcement ("ICE") agents encountered Petitioner, charged him administratively under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), and initiated removal proceedings against him. ECF No. 6-1. ICE took Petitioner into custody on November 22, 2025. <u>Id</u>. He remains detained at the

California City Immigration Processing Center and removal proceedings remain pending. He has neither requested nor received a bond hearing. See ECF No. 6-4.

Petitioner filed a petition for writ of habeas corpus on June 15, 2026, alleging that his detention without a bond hearing is unlawful and prolonged and therefore a violation of his Fifth Amendment due process rights. ECF No. 1. Respondent counters that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) and therefore not entitled to a bond hearing. ECF No. 6. Respondent further contends that Petitioner's detention has not become prolonged and that Petitioner has failed to exhaust his administrative remedies. Id.

**II. Statutory Immigration Standards**

According to Respondent, Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). ECF No. 6 at 3. While 8 U.S.C § 1226(a) allows the Attorney General to either detain *or* release noncitizens while their removal proceedings are pending, § 1226(c) imposes *mandatory* detention on certain noncitizens. 8 U.S.C § 1226(c)(1) ("The Attorney General *shall* take into custody…) (emphasis added). See also 8 U.S.C § 1226(c)(4) (allowing release *only if* the Attorney General ("AG") deems it necessary for witness protection *and* if the AG determines such noncitizen witness will not pose a danger or flight risk). The undersigned agrees that § 1226(c) governs. Subsection (c)(1)(C) mandates detention for any noncitizen who is deportable by reason of having committed any offense covered in 8 U.S.C. § 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D). 8 U.S.C. § 1226(c)(1)(C). Based on his conviction for possession of cocaine, a controlled substance listed under schedule II of 8 U.S.C. § 812, Petitioner is deportable under 8 U.S.C. § 1227(a)(2)(B)(i) and therefore subject to mandatory detention pursuant to § 1226(c). See 8 U.S.C. §§ 1226(c)(1)(C), 1227(a)(2)(B)(i); 21 U.S.C. §§ 802(6), 812.

**III. Exhaustion**

Having found that § 1226(c) governs Petitioner's detention, the undersigned rejects Respondent's argument that Petitioner has failed to exhaust administrative remedies. Respondent argues that, if Petitioner were detained pursuant to § 1226(a), he would be entitled to a bond hearing before an Immigration Judge ("IJ") and must first pursue that remedy. ECF No. 6 at 5-7. However, Respondent also asserts, and the undersigned agrees, that Petitioner is properly

detained under § 1226(c). Noncitizens who are detained under § 1226(c) are unable to request a bond hearing before an IJ, therefore any such attempt would be futile. See Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting S.E.C. v. G.C. George Sec. Inc., 637 F.2d 685 (9th Cir. 1981) to note that exhaustion may be waived "where…pursuit of administrative remedies would be a futile gesture").

Respondent's suggestion that Petitioner request a hearing pursuant to Matter of Joseph, 22 I&N Dec. 799 (BIA 1999) to determine the proper detention authority is similarly misguided; the detention authority is clear based on Petitioner's conviction. Pursuit of a Joseph hearing would be futile, if not frivolous. Petitioner need not engage in a futile hearing simply to prove the futility of a bond request that the parties already acknowledge he is unable to make.

## IV. Due Process Analysis

The petition raises an as-applied, procedural due process challenge to the constitutionality of Petitioner's mandatory detention. At this point, Petitioner has been detained for nearly eight months without the opportunity to request a bond hearing.

The Supreme Court upheld the facial constitutionality of mandatory detention under § 1226(c) in Demore, 538 U.S. at 531. However, the Supreme Court did so with the understanding that § 1226(c) detention is relatively "brief" and "limited," and "lasts roughly a month and a half in the vast majority of cases" and "about five months in the minority of cases in which the alien chooses to appeal." Id. at 513, 529 n.12, 530. Justice Kennedy joined the opinion in full, but wrote a concurring opinion recognizing the viability of as-applied challenges under the majority's framework: "[S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident [noncitizen] . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Demore, 538 U.S. at 532 (Kennedy, J., concurring). Later, in Nielsen v. Preap, 586 U.S. 392 (2019), the Supreme Court recognized the right to bring such as-applied challenges: "Our decision today on the meaning of that statutory provision [8 U.S.C. § 1226(c)] does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it." Preap, 586 U.S. at 420.

The Ninth Circuit Court of Appeal has expressly declined to address "[w]hether due process requires a bond hearing" in such situations. Martinez v. Clark, 36 F.4th 1219, 1223 (9th Cir. 2022), cert. granted, judgment vacated, 144 S. Ct. 1339 (2024). However, the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional." Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018). Other Circuit Courts of Appeal have concluded that Demore does not foreclose as-applied challenges to prolonged detention under § 1226(c). Recently, the Second Circuit held that "[t]he Constitution does not permit the Executive to detain a noncitizen for an unreasonably prolonged period under section 1226(c) without a bond hearing; at some point, additional procedural protections—like a bond hearing—become necessary." Black v. Decker, 103 F.4th 133, 145 (2d Cir. 2024). The undersigned finds this authority persuasive and agrees that Demore does not bar an as-applied challenge to prolonged detention without a hearing to determine whether such detention is justified. The next step is to determine the appropriate framework in which to analyze Petitioner's procedural due process argument.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. The Supreme Court has concluded that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

The undersigned has considered the various tests developed by district courts within the Ninth Circuit, and finds that Mathews v. Eldridge, 424 U.S. 319 (1976), provides the appropriate test for due process challenges to prolonged detention under § 1226(c). The undersigned is

particularly persuaded by the Second Circuit's reasoning in Black, 103 F.4th at 145-49, that the Mathews test is flexible enough to account for the factors identified by federal courts when deciding whether detention under § 1226(c) has become unreasonably prolonged. Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

## V. Mathews Factors

### A. Private Interest

An individual's private interest in "freedom from prolonged detention" is "unquestionably substantial." Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011). Courts of Appeal have generally declined to adopt a specific threshold for when detention under § 1226(c) becomes prolonged. See German Santos v. Warden Pike Cty. Correctional Facility, 965 F.3d 203, 211 3d Cir. 2020); Black, 103 F.4th at 150; Reid v. Donelan, 17 F.4th 1, 7–9 (1st Cir. 2021). While the Ninth Circuit has not addressed this question, it has previously referred to detentions longer than six months as prolonged "in the context of detentions for which no individualized bond hearings had taken place at all because the statutes on their faces did not allow for them." Rodriguez Diaz, 53 F.4th at 1207 (citations omitted). Indeed, other courts within this Circuit have found due process violations where the length of mandatory detention without bond was similar to the length of detention at issue here. See, e.g., Chen v. Aitken, 917 F. Supp. 2d 1013, 1018 (N.D. Cal. 2013) (holding petitioner's seven-month detention under § 1225(b) was "prolonged" because it "has lasted well beyond the typical period described in Demore" and "neither release nor removal are imminent").

Moreover, courts hearing as-applied challenges to § 1226(c) detention have also considered the likely duration of future detention. See Lopez v. Garland, 631 F. Supp. 3d 870, 880-81 (E.D. Cal. 2022) (finding petitioner's administrative appeals and likely appeal to the Ninth Circuit weighed toward granting request for bond hearing). In the instant case, Respondent claims Petitioner has had regular hearings in Immigration Court throughout the nearly eight

months of detention and over thirteen months of removal proceedings, and claims "there is no indication that the government has delayed [Petitioner's] removal proceedings." ECF No. 6 at 4. The undersigned takes judicial notice of the publicly-available EOIR Automated Case Information website which tells a different story: there are no future hearings scheduled. See https://acis.eoir.justice.gov/en/caseInformation, EOIR Automated Case Information. The lack of a future hearing date casts doubt as to whether removal proceedings – and therefore Petitioner's detention – will resolve in the foreseeable future, or linger indefinitely. Additionally, a hearing before an Immigration Judge is not the end of Petitioner's removal proceedings. Either party may choose to appeal the IJ's decision to the Board of Immigration Appeals and Petitioner could ultimately seek review by the Ninth Circuit Court of Appeals. Therefore, based on its duration to date without bond and the likelihood of continued mandatory detention during all phases of removal proceedings, the undersigned finds Petitioner's detention is sufficiently "prolonged" and confers a substantial private interest.

**B. Risk of Erroneous Deprivation**

The second Mathews factor is "the risk of an erroneous deprivation of [Petitioner's] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." Mathews, 424 U.S. at 335. This factor favors Petitioner. "[T]he risk of an erroneous deprivation of liberty in the absence of a hearing before a neutral decisionmaker is substantial." Diouf v. Napolitano, 634 F.3d 1081, 1092 (9th Cir. 2011) (abrogated on other grounds). Indeed, "[i]n the absence of any meaningful initial procedural safeguards, it appears to us that almost any additional procedural safeguards at some point in the detention would add value." Black, 103 F.4th at 153 (emphasis in original); see also Jimenez v. Wolf, No. 19-cv-7996 NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020) (finding "high" risk of an erroneous deprivation where petitioner had not received any bond or custody redetermination hearing during his one-year detention under § 1226(c)). The undersigned acknowledges that Petitioner's criminal history and prior failures to appear will likely be strong factors weighing against release. However, Petitioner is also a longtime Lawful Permanent Resident with a family who relies on him, and therefore has an interest in appearing at removal proceedings to preserve his lawful

immigration status . ECF No. 1 at 6. Denying him the opportunity to present mitigating factors to a neutral decisionmaker risks erroneous deprivation of Petitioner's strong liberty interest. Accordingly, the second Mathews factor also weighs in Petitioner's favor.

**C. Government Interest**

Under this factor, the Court weighs the government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." Mathews, 424 U.S. at 335. Higher courts have repeatedly recognized that, "[t]he government has an obvious interest in 'protecting the public from dangerous criminal [noncitizens].'" Rodriguez Diaz, 53 F.4th at 1208 (quoting Demore, 538 U.S. at 515). Courts have also recognized that the detention of noncitizens during removal proceedings can serve the legitimate government purpose of preventing flight. Prieto-Romero v. Clark, 534 F.3d 1053, 1065 (9th Cir. 2008) (citing Demore, 538 U.S. at 528). Thus, in some general way, the government has an interest in the detention of non-citizens held under § 1226(c). However, "the additional procedural safeguards we would allow here under Mathews do nothing to undercut those interests. At any ordered bond hearing, the IJ would assess on an individualized basis whether the noncitizen presents a flight risk or a danger to the community, as IJs routinely do for other noncitizen detainees." Black, 103 F.4th at 153–54; see also Jimenez, 2020 WL 510347, at *3 ("Providing a bond hearing would not undercut the government's asserted interest in effecting removal. After all, the purpose of a bond hearing is to inquire whether the alien represents a flight risk or danger to the community.") (citing In re Guerra, 24 I.&N. Dec. 37 (B.I.A. 2006)). In Petitioner's case, the government's interest in further detaining him without a hearing to determine whether such detention is justified is minimal.

Administrative burden is a legally cognizable interest under Mathews. But Respondent's interest is further diminished by the low fiscal and administrative burdens associated with a bond hearing. See D. L.C. v. Wofford, 2026 WL 25511, at *5 (E.D. Cal. Jan. 5, 2026) ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government." (quoting Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)).

## VI. Remedy

For reasons explained above in the Mathews analysis, the undersigned finds a bond hearing to be the appropriate relief in this case. At the bond hearing, the government should bear the burden of demonstrating by clear and convincing evidence that Petitioner presents a risk of flight or danger. See Singh v. Albarran, No. 1:26-cv-0940 DC DMC (HC), 2026 WL 392169, at *5 (E.D. Cal. Feb. 12, 2026) (collecting cases); Singh v. Chestnut, No. 1:26-cv-00127 DC SCR (HC), 2026 WL 766567 (E.D. Cal. March 18, 2026) (adopting Findings and Recommendations and granting a bond hearing). This is the appropriate burden given the liberty interests at stake. See Black, 103 F.4th at 157 ("[O]nce detention under section 1226(c) has become so prolonged that due process warrants a bond hearing . . . the government must justify continued detention at such a hearing . . .by clear and convincing evidence.").

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondent be ordered to provide Petitioner with a constitutionally adequate bond hearing before an Immigration Judge at which the government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence, within fourteen (14) days of any order resolving the § 2241 petition.

3. Respondent be further directed to file a notice certifying compliance with the above provision within seven (7) days from the date of the bond hearing.

4. If Petitioner is granted release on bond, Respondent shall return all of Petitioner's documents and possessions at the time of release.

5. Any order would not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. Judgment be entered in Petitioner's favor and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with

the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 17, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3 Rodr4632.imm.frs